**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| ENID SELLERS,<br><br>      Plaintiff,<br><br>WYETH LLC f/k/a WYETH, INC. and<br>WYETH PHARMACEUTICALS,<br><br>      and<br><br>PFIZER INC., Individually and<br>as Successor-in-Interest to<br>PHARMACIA & UPJOHN CO.,<br><br>      Defendants. | 2:10-cv-02709 JWS<br><br>ORDER AND OPINION<br><br>Re:    [Motion at Docket 21] |

## I. MOTION PRESENTED

At docket 21, plaintiff Enid Sellers moves for leave to file a first amended complaint. At docket 23, defendants Wyeth LLC, Wyeth Pharmaceuticals, and Pfizer, Inc. oppose the motion. Plaintiff did not reply. Oral argument was not requested, and it would not assist the court.

## II. BACKGROUND

On December 16, 2010, plaintiff Enid Sellers filed a products liability complaint against defendants Wyeth LLC, Wyeth Pharmaceuticals, and Pfizer Inc., alleging claims

of negligence, negligence per se, gross negligence/malice, strict liability, misrepresentation and fraud, and breach of warranties. On May 26, 2011, the court entered a scheduling and planning order pursuant to Rules 16 and 26(f), Federal Rules of Civil Procedure, providing in pertinent part that motions to amend pleadings must be filed by June 30, 2011. On June 30, 2011, Ms. Sellers filed a motion for leave to file a first amended complaint.

### III. STANDARD OF REVIEW

Rule 15(a) provides that after a party has amended its pleading once as a matter of course, a party may further amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."[1] Liberality in granting leave to amend is subject to the qualification that amendment of the complaint does not cause the opposing party undue prejudice, is not sought in bad faith, and does not constitute an exercise in futility.[2] These factors are not given equal weight. Futility of amendment by itself can justify the denial of a motion for leave to amend.[3] "[F]utility includes the inevitability of a claim's defeat on summary judgment."[4]

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

[3] *U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 1999).

[4] *Johnson v. American Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir. 1987).

## IV.  DISCUSSION

Plaintiff moves for leave to amend her complaint to affirmatively plead the discovery rule and fraudulent concealment.  Based on defendants' actions in similar cases, plaintiff anticipates that defendants will argue that the statute of limitations has run and that the above defenses are unavailable unless affirmatively pleaded.  Defendants argue that amendment would be futile because neither the discovery rule nor the fraudulent concealment doctrine would toll the statute of limitations.  Defendants' arguments are premature because they are primarily directed to the merits of their statute of limitations defense and assume that the proposed amended complaint is deficient.[5]

Defendants' argument that the proposed amended complaint does not sufficiently plead the discovery rule is unavailing, because "[I]t is well-settled that statues of limitations are affirmative defenses, not pleading requirements" under Rule 8(a) and (c).[6]  Defendants' contention that the proposed amended complaint fails to plead fraudulent concealment with particularity is ineffectual because defendants rely on Ninth Circuit case law, rather than Arizona law which applies here.[7]  Defendants do not allege that amendment of the complaint is sought in bad faith or that granting the motion to amend would cause undue prejudice.

---

[5] *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.")

[6] *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003).

[7] *See, e.g., Braxton-Secret v. A.H. Robins Co.*, 769 F.2d 528, 531-32 (9th Cir. 1985) (district court correctly relied on California law).

## V. CONCLUSION

For the reasons set out above, plaintiff's motion at docket 21 for leave to file a first amended complaint is **GRANTED**. Plaintiff shall file her first amended complaint within seven (7) days of the date of this order.

DATED this 11th day of August 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE